UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOHN DOE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| -against- | : | |
| | : | Civil Action No:  1:21-cv-12060 |
| MASSACHUSETTS INSTITUTE OF | : | |
| TECHNOLOGY, | : | |
| | : | |
| Defendant. | : | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S *EX PARTE* MOTION TO PROCEED UNDER PSEUDONYM**

Plaintiff John Doe ("Plaintiff"), by his attorneys Nesenoff & Miltenberg, LLP, seeks

authorization to file a Complaint in the above-captioned matter as a pseudonymous Plaintiff.

In light of the serious and personal nature of the allegations contained in the Complaint,

Plaintiff is justifiably concerned about the possibility of acts of reprisal that could further prevent

Plaintiff from proceeding with his future endeavors, and inflict further harm, including the exact

type from which Plaintiff seeks relief in this action.

Plaintiff's identity, as described in the Complaint, should not be disclosed to the public due

to the nature of the allegations in said Complaint. *See* Declaration of Tara Davis, Esq. attached to

Plaintiff's *Ex Parte* Motion to Proceed Under a Pseudonym (the "Davis Declaration").

Additionally, Plaintiff is prepared to provide a statement of his true identity under seal, upon the

Court's request.

**STATEMENT OF FACTS**

The following is based upon the accompanying Complaint and Davis Declaration.

This breach of contract, promissory estoppel, and breach of contract/common law denial of basic fairness/arbitrary and capricious decision-making suit is brought on behalf of Plaintiff, who was expelled from Massachusetts Institute of Technology ("MIT") within a month of graduation for alleged sexual misconduct that purportedly occurred over a year earlier and that he did not commit; the expulsion was issued after an unfair process not in compliance with the MIT Student Code's commitment to non-discrimination based on sex.

In January 2016, Plaintiff was a third-year student at MIT on a three-year program. On January 26, 2016, Plaintiff's former girlfriend, "Jane Roe" (a pseudonym), filed a complaint with MIT alleging nonconsensual sexual contact and nonconsensual sexual intercourse by Plaintiff based on one night involving sexual intercourse on February 27, 2015, almost a year earlier than when the complaint was filed by Jane Roe with MIT 's Title IX Office. During the course of the investigation, MIT's investigators, on its own initiative, asserted a second charge against Plaintiff, for sexual harassment arising from the period of time when Plaintiff was Roe's boyfriend in the 2013-2014 school year, two years prior to Roe's filing of the complaint with MIT's Title IX Office.

Upon the filing of Jane Roe's disciplinary complaint, MIT's Title IX office launched an investigation, interviewed Plaintiff, Jane Roe, and other students and reviewed various documents. Radical feminist, anti-male bias on the MIT campus guided the investigation report's conclusions, which included that Plaintiff was responsible for (i) nonconsensual sexual contact and nonconsensual sexual intercourse based on the sex that occurred on February 27, 2015, and (ii) sexual harassment based on the period of time when Plaintiff was Jane Roe's boyfriend in the 2013-2014 school year. MIT presumed the female complainant's story to be true (which it wasn't), and presumed Plaintiff not to be truthful (which wasn't the case) in order to avoid being found

responsible. Importantly, MIT failed to provide Plaintiff an opportunity to submit a written rebuttal to their investigation report.

On April 25, 2016, MIT held a hearing before a panel of three professors. At the hearing, Plaintiff denied responsibility. Only two days later, on April 27, 2016, the Chair of the MIT Committee on Discipline sent Plaintiff a letter informing him that MIT found him responsible for nonconsensual sexual contact and nonconsensual sexual intercourse on February 27, 2015, and for sexual harassment during the time of the 2013-2014 school year and notified him that the sanction was expulsion -- in effect, rubber stamping the investigation report.

Even though Plaintiff filed an appeal and argued that the evidence did not support MIT's findings or the severe sanction of expulsion, MIT denied the appeal on May 13, 2016, permanently expelling Plaintiff, just weeks shy of his graduation. Plaintiff, having experienced the losses that resulted from a disciplinary record he did not deserve and did not receive his diploma that he all but earned, brings this action to rectify the real damage to his life.

## ARGUMENT

Many federal courts permit parties to proceed anonymously when special circumstances arise. Generally, in determining whether to permit a party to proceed anonymously, a court "must balance the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party." *Plaintiffs I Thru XXIII v. Advanced Textile Corp.,* 214 F. 3d 1058, 1068 (9th Cir. 2000). *See also*, *Grottano v. City of New York*, 2016 WL 2604803, at *1 (S.D.N.Y. Mar. 30, 2016) (*quoting Michael v. Blomberg L.P.*, 2015 WL 585592, at *3 (S.D.N.Y. Feb. 11, 2015) ("The central inquiry in determining whether a plaintiff may proceed pseudonymously is a balancing of a plaintiff's interest in anonymity … against both

the public interest in disclosure and any prejudice to the defendant") (internal quotation marks omitted).

As neither the U.S. Supreme Court nor the First Circuit have definitively articulated the circumstances under which a plaintiff may use a pseudonym, the Court must look to implicit recognitions and framework established by neighboring district and circuit courts. The Supreme Court has implicitly recognized the use of pseudonyms, and federal courts generally allow plaintiffs to proceed under pseudonyms in cases where the action is of a highly sensitive nature, or when a substantial private interest is involved. *Doe v. Blue Cross & Blue Shield of RI*, 794 F.Supp. 72, 74 (D.R.I. 1992); *see also*, *Roe v. Wade*, 410 U.S. 113 (1973) (allowing plaintiffs to proceed pseudonymously in action involving abortion rights).

The District Court of New Hampshire in *Doe v. Trustees of Dartmouth College* examined whether a plaintiff should be permitted to proceed under a pseudonym in an action regarding a charge of sexual misconduct. Remarking that the Third Circuit's test is consistent with the overall aim of the First Circuit's framework for sealing judicial records, the District Court of New Hampshire relied on the nine-factor balancing test articulated in *Doe v. Megless,* 654 F.3d 404 (3d Cir. 2011), to determine whether the plaintiff could proceed under a pseudonym. *Doe v. Trustees of Dartmouth Coll.,* No. 18-CV-040-LM, 2018 WL 2048385, at *4 (D.N.H. May 2, 2018).

Recognizing that the court must balance the need for confidentiality against the public interest in disclosure (*Doe v. Bell Atl. Bus. Sys. Servs., Inc.,* 162 F.R.D. 418, 420 (D. Mass. 1995)), the Third Circuit identified the following relevant factors for consideration: (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the

4

purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives; (7) the universal level of public interest in access to the identities of litigants; (8) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (9) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated. *Doe v. Megless,* 654 F.3d 404, 409 (3d Cir. 2011). As outlined below, applying this framework to the instant matter, Plaintiff here should be permitted to proceed under a pseudonym.

A.        **The Litigation Involves Matters That Are Highly Sensitive and of a Personal Nature**

The first factor to be considered weighs in favor of Plaintiff's request for anonymity. Plaintiff should be permitted to proceed under a pseudonym given the highly sensitive and personal nature of this litigation and the facts and circumstances underlying Plaintiff's claims. In the present action, Plaintiff does not merely contend that the revelation of his name would result in embarrassment or public humiliation. Rather, Plaintiff notes the highly sensitive nature and privacy issues that could be involved with being identified as a perpetrator of sexual assault.

In fact, courts around the country, including the District of Massachusetts, have permitted plaintiffs alleging similar claims to proceed anonymously. *See, e.g., Doe v. W. New England Univ.,* 228 F. Supp. 3d 154 (D. Mass. 2017); *Doe v. Brown Univ.,* 210 F. Supp. 3d 310 (D.R.I. 2016); *Doe v. Johnson & Wales Univ.*, 425 F. Supp. 3d 108 (D.R.I. 2019); *Doe v. Louisiana State Univ.*, 2020 WL 6493768 (M.D. La. June 30, 2020); *Doe v. Regis Univ.*, 2021 WL 5329934, at \*1 (D.

Colo. Nov. 16, 2021); *Doe v. Columbia Univ.,* 831 F.3d 46 (2d Cir. 2016); *Doe v. Univ. of the South,* 687 F. Supp. 2d 744 (E.D. Tenn. 2009); *Doe v. Brandeis Univ.,* 177 F. Supp. 3d 561 (D. Mass. 2016); *Doe v. Univ. of S. Florida Bd. of Trs.*, 2015 WL 3453753 (M.D. Fla. 2015); *Doe v. Salisbury Univ.,* 2015 WL 3478134 (D. Md. 2015); *Doe v. Univ. of Cincinnati*, 872 F.3d 393 (6th Cir. 2017); *Doe v. Univ. of Montana*, 2012 WL 2416481 (D. Mont. 2012) ("With respect to the individual students involved in the Student Conduct Code proceeding, as well as the witnesses and University Court members involved in that proceeding, the Court finds that the interests of those individuals in avoiding undue embarrassment, harassment, and disclosure of sensitive private information outweigh the public's need to know their names," *citing Does I–XXIII v. Advanced Textile Corp.,* 214 F.3d 1058, 1068–69 (9th Cir.2000)). Similarly, Plaintiff here should be permitted to proceed anonymously due to the highly sensitive and personal nature associated with being falsely accused of sexual misconduct.

As observed by the District Court in *Doe v. Trustees of Dartmouth College,* "one's sexual practices are among the most intimate parts of one's life and the public disclosures of such information may subject one to embarrassment or ridicule." *Doe v. Trustees of Dartmouth Coll.,* at \*5-6 (*citing to Doe v. Blue Cross & Blue Shield of R.I.,* 794 F. Supp. 72, 74 (D.R.I. 1992) (internal citations omitted)). *See also Doe v. Purdue Univ.,* 321 F.R.D. at 342 ("this litigation requires the disclosure of 'information of the utmost intimacy,' as demonstrated by the details set out in the Complaint, including information regarding Plaintiff's and Jane Roe's sexual relationship, Jane Roe's allegations of sexual misconduct, and the details of the University's findings."). The Northern District of Indiana agreed that, in a case where a student is challenging a university's disciplinary finding related to a sexual misconduct allegation, "forcing Plaintiff to reveal his identity would not advance any aspect of the litigation but instead poses a risk that

Plaintiff would be subject to unnecessary ridicule and attention." *Doe v. Purdue Univ*., 321 F.R.D. at 343 (D. Ind. 2017). Similarly, Plaintiff here should be permitted to proceed anonymously due to the highly sensitive and personal nature associated with the subject matter of this litigation.

**B.      Plaintiff's Identity Has Been Kept Confidential to Date**

The next factor likewise weighs in favor of anonymity.  Plaintiff has protected his identity thus far and has taken steps to keep his identity as a respondent in a Title IX investigation at MIT confidential. Thus, Plaintiff's identity is currently not publicly known, particularly in the public realm, leading up to these proceedings.

**C.      Disclosure of Plaintiff's Identity Would Result in Significant and
          Irreparable Harm to Plaintiff**

Plaintiff should be permitted to proceed anonymously in this matter as the revelation of his identity would result in significant harm to Plaintiff, the exact type which he seeks to remedy by the commencement of this lawsuit. *See Doe v. Colgate Univ.,* 2016 WL 1448829, at *3 (N.D.N.Y. Apr. 12, 2016). Specifically, if Plaintiff was required to reveal his identity, any ultimate success in this matter would be negated by the disclosure of his name. Even if he was to achieve his objective of clearing his record and obtaining his MIT degree, permitting the underlying details of this matter to be remain in the public domain would nonetheless still hinder his future job opportunities and prospects. It is no secret that employers are familiar with societal concerns related to issues of this nature and would therefore be wary about employing someone who had been accused of sexual assault, regardless of the ultimate outcome in litigation.

Furthermore, if the Court requires Plaintiff to reveal his true identity publicly, even if he ultimately obtained a favorable verdict, his future academic and career prospects would nonetheless be hindered and discoverable by a simple internet search.  The District Court in *Doe v. Trustees of Dartmouth College* recognized this as the most significant factor in its analysis that

7

the plaintiff's concern of public disclosure would forever subject him to reputational damage and impair his future educational and career prospects, regardless of the outcome of the litigation. *Doe v. Trustees of Dartmouth Coll.,* No. 18-CV-040-LM, 2018 WL 2048385, at \*5–6 (D.N.H. May 2, 2018). The Court agreed that this concern was "exacerbated in the Internet age, which can provide additional channels for harassment and will connect plaintiff's name to Dartmouth's findings and sanction forever, whether or not he is successful in this litigation." *Id.*

While in the past courts strongly disfavored allowing plaintiffs to proceed anonymously except in extreme circumstances, the nature of the internet today is such that any plaintiff is readily identifiable, and his information accessible, via a simple online search. *See Doe v. Purdue Univ.,* 321 F.R.D. 339, 343 (D. Ind. 2017). Without a means to control the content disseminated by a media outlet covering a given case, courts must be willing to afford additional protective measures to avoid further damage to a plaintiff involved in a matter concerning such an egregious mishandling of the complaint of sexual assault by Plaintiff. Critically, as is the case in the present matter, "public identification could defeat the very purpose of the litigation." *Doe v. Trustees of Dartmouth Coll.,* at \*5–6. Here, forcing Plaintiff to reveal his identity would not further any aspect of the litigation, but would "instead pose[] a risk that Plaintiff would be subject to unnecessary ridicule and attention." *Doe v. Colgate Univ.,* 2016 WL 1448829, at \*3.

Based on the foregoing, Plaintiff should be permitted to proceed anonymously, as requiring him to reveal his identity would result in significant harm to Plaintiff, including the exact damages he seeks to remedy in this matter; namely, physical, psychological, emotional, and reputational damages, economic injuries, and the loss of educational and career opportunities.

**D.      Defendant Will Not Be Prejudiced by Permitting
          Plaintiff to Proceed Pseudonymously**

Plaintiff should also be permitted to proceed under a pseudonym because Defendant will

not be prejudiced in any way by proceeding against an anonymous party.

"Other than the need to make redactions and take measures not to disclose Plaintiff's

identity, Defendant[s] will not be hampered or inconvenienced merely by Plaintiff's anonymity in

court papers." *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 198 (E.D.N.Y. 2006). Significantly, Defendant

is already aware of Plaintiff's true identity. Thus, there is no doubt that Defendant will have an

unobstructed opportunity to conduct discovery, present their defenses, and litigate this matter,

regardless of whether Plaintiff identifies himself or proceeds anonymously.

Accordingly, Plaintiff should be permitted to proceed anonymously in this action as

revealing his name will cause significant prejudice and harm to Plaintiff, while proceeding

anonymously will not hinder Defendant in any way.

**E.      There Is a Weak Public Interest in Knowing Plaintiff's Identity**

Plaintiff should also be permitted to proceed in this action anonymously as the public does

not have a strong interest in knowing his identity. Considering the nature of the claims presented

(i.e., breach of contract, promissory estoppel and breach of contract/common law denial of basic

fairness/arbitrary and capricious decision-making), there is a weak public interest in learning

Plaintiff's identity as an individual.

There is simply nothing about the status of the Plaintiff that would heighten any public

interest beyond the normal public interest in any judicial proceedings sufficient to outweigh

Plaintiff's rights to privacy. Allowing Plaintiff to proceed anonymously will not significantly

obstruct the public's interest in this matter. Accordingly, there is not a strong public interest in

knowing Plaintiff's identity as an individual, as the issues presented to this Court concern a much

greater population of potential plaintiffs. Moreover, the public's knowledge will only be minimally restricted, as it will still know what is alleged to have occurred. Allowing Plaintiff to proceed anonymously will not significantly obstruct the public's interest in this matter. To the contrary, forcing Plaintiff to reveal his identity could have a potential chilling effect on other similarly situated future plaintiffs.

Based on the foregoing, in consideration of the balancing of relevant factors, the Court should allow Plaintiff to employ a pseudonym in this matter. The interests of Defendant and/or the public will not be harmed at this early stage of the case if Plaintiff's name is not revealed. Plaintiff and his attorneys are prepared to address measures to protect the confidentiality of his identity should the Court require disclosure to the public at a later stage in the proceedings.

**F.** **Additional Considerations Favor Permitting Plaintiff to Remain Anonymous**

The remaining factors articulated in *Doe v. Megless* likewise weigh in favor of permitting Plaintiff to proceed anonymously. Plaintiff does not have nefarious ulterior motives in seeking to use a pseudonym; he seeks redress for the harm suffered.

In addition, Plaintiff also seeks that "Jane Roe" be given pseudonym treatment. The difficulty in allowing involved non-parties to remain anonymous while Plaintiff's identity is revealed warrants the continued use of a pseudonym. The District Court in *Doe v. Trustees of Dartmouth College* recognized the impact removing plaintiff's anonymity would have on plaintiff's accuser Sally Smith, a non-party to the litigation, whose identity would likewise be disclosed if plaintiff were publicly identified. *Doe v. Trustees of Dartmouth Coll.,* No. 18-CV-040-LM, 2018 WL 2048385, at *6 (D.N.H. May 2, 2018).

Similarly, it would be impractical, and time consuming, to require Plaintiff here to disclose his identity, while allowing his accuser and the student witnesses interviewed in relation to the allegations against Plaintiff to remain anonymous

## **CONCLUSION**

Given the highly sensitive and intimate nature of the facts underlying Doe's claims, a pseudonym is necessary to protect his substantial privacy interest, including his safety, reputation, protection against further retaliation, and to prevent public disclosure of his identity, which would cause further psychological harm and stigmatization. For the foregoing reasons, Plaintiff hereby respectfully requests that he be permitted to continue this action pseudonymously.

**Dated:** **Boston, Massachusetts**
　　　**December 16, 2021**

　　　　　　　　　　　　　　　　　　　**Respectfully submitted,**

　　　　　　　　　　　　　　　　　　　**NESENOFF & MILTENBERG, LLP**
　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff John Doe*

　　　　　　　　　　　　　　　　　　　**By:** **/s/** *Philip A. Byler*
　　　　　　　　　　　　　　　　　　　**Philip A. Byler, Esq. (*pro hac vice* pending)**
　　　　　　　　　　　　　　　　　　　**Andrew T. Miltenberg, Esq. (*pro hac vice* pending)**
　　　　　　　　　　　　　　　　　　　**363 Seventh Avenue, Fifth Floor**
　　　　　　　　　　　　　　　　　　　**New York, New York 10001**
　　　　　　　　　　　　　　　　　　　**(212) 736-4500**
　　　　　　　　　　　　　　　　　　　**pbyler@nmllplaw.com**
　　　　　　　　　　　　　　　　　　　**amiltenberg@nmllplaw.com**

　　　　　　　　　　　　　　　　　　　**By:** **/s/** *Tara Davis*
　　　　　　　　　　　　　　　　　　　**Tara Davis, Esq. (BBO # 675346)**
　　　　　　　　　　　　　　　　　　　**101 Federal Street, Nineteenth Floor**
　　　　　　　　　　　　　　　　　　　**Boston, Massachusetts 02110**
　　　　　　　　　　　　　　　　　　　**(617) 209-2127**
　　　　　　　　　　　　　　　　　　　**tdavis@nmllplaw.com**

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1</u>

Plaintiff, through his undersigned counsel, was not able to confer with opposing counsel concerning his request for the filing of this matter under pseudonyms, as this motion is being filed *ex parte*, contemporaneous with the filing of Plaintiff's Complaint. As such, Plaintiff is not yet aware of who will be serving as defense counsel.

<u>*/s/ Tara J. Davis*</u>
Tara J. Davis, Esq. (BBO #675346)