UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN DOE, | : |
| | : Civil Action No: 1:21-cv-12060-RGS |
| **Plaintiff,** | : |
| | : |
| -against- | : |
| | : |
| MASSACHUSETTS INSTITUTE OF TECHNOLOGY, | : |
| | : |
| **Defendant.** | : |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION TO PROCEED UNDER PSEUDONYM**

Plaintiff John Doe ("Plaintiff"), by his attorneys Nesenoff & Miltenberg, LLP, respectfully submits this Memorandum of Law in support of Plaintiff's Motion for Reconsideration of the Court's denial of Plaintiff's Motion to Proceed Under Pseudonym (Order Denying Pl.'s Pseudonym Mot., ECF No. 6), attached to Tara J. Davis Esq.'s Declaration as Exhibit A, and upon reconsideration, request that the Court grant the Motion to Proceed Under Pseudonym for both "John Doe" (the university respondent and Plaintiff here) and "Jane Roe" (the university complainant) and for a protective order against disclosure by any party of the real names of "John Doe" and "Jane Roe."

**I.     Factual Summary of the Allegations of the Complaint**

In January 2016, John Doe was a third-year student at MIT on a three-year program. On January 26, 2016, John Doe's former girlfriend "Jane Roe" (a pseudonym) filed a complaint with MIT alleging nonconsensual sexual contact and nonconsensual sexual intercourse by John Doe based on one night involving sexual intercourse on February 27, 2015, almost a year earlier than when the complaint was filed by Jane Roe with MIT's Title IX Office. During the course of the investigation, MIT's investigators on its own initiative asserted a second charge against Doe, for

sexual harassment, arising from the period of time when Doe was Roe's boyfriend in the 2013-2014 school year, two years prior to Roe's filing of the complaint with MIT's Title IX Office. For a full recitation of the facts, please see Plaintiff's Complaint (ECF No. 1), attached to Tara J. Davis Esq.'s Declaration as Exhibit B.

Upon the filing of Jane Roe's disciplinary complaint, MIT's Title IX office launched an investigation, interviewing John Doe, Jane Roe and other students and reviewing various documents. Radical feminist anti-male bias on the MIT campus guided the investigation report's conclusions, which included that John Doe was responsible for: (i) nonconsensual sexual contact and nonconsensual sexual intercourse based on the sex that occurred on February 27, 2015; and (ii) sexual harassment based on the period of time when John Doe was Jane Roe's boyfriend in the 2013-2014 school year. MIT presumed the female complainant's story to be true (which it wasn't), and presumed John Doe not to be truthful (which wasn't the case) in order to avoid being found responsible. Importantly, MIT failed to provide John Doe an opportunity to submit a written rebuttal to the investigation report.

On April 25, 2016, MIT held a hearing before a panel of three professors. At the hearing, John Doe denied responsibility. Only two days later, on April 27, 2016, the Chair of the MIT Committee on Discipline sent John Doe a letter informing him that MIT found him responsible for nonconsensual sexual contact and nonconsensual sexual intercourse on February 27, 2015 and for sexual harassment during the time of the 2013-2014 school year and notified him that the sanction was expulsion—in effect, rubber stamping the investigation report.

Even though John Doe filed an appeal, arguing that the evidence did not support MIT's findings or the severe sanction of expulsion, MIT denied the appeal on May 13, 2016, permanently expelling John Doe, just weeks shy of his graduation. John Doe, having experienced the losses

resulting from having a disciplinary record he did not deserve and not having his diploma that he all but earned, brings this action to rectify the real damage to his life.

**II.     Analysis**

This Court, in denying Plaintiff's Motion to Proceed Under Pseudonym, relied upon general statements of law in case law, the most recent of which was rendered in 2011. Since 2011, this Court, and courts throughout the United States, have permitted plaintiffs pursing claims against colleges and universities arising from alleged sexual encounters, much like Plaintiff Doe in the instant action, to proceed under pseudonyms.

   **A.     *The Legal Standard for a Motion for Reconsideration***

"A motion for reconsideration will be allowed if the movant shows a manifest error of law, newly discovered evidence or that the Court has made an error 'not of reasoning but apprehension.'" *Ruiz Rivera v. Pfizer Pharm., LLC,* 521 F.3d 76, 81 (1st Cir. 2008); *Provanzano v. Parker View Farm, Inc.,* 827 F. Supp. 2d 53, 57 (D. Mass. 2011); *see also United States v. Allen*, 573 F.3d 42, 53 (1st Cir. 2009) ("if the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust"). For the reasons articulated below, Plaintiff' motion for reconsideration should be granted.

   **B.     *The Legal Standard for Permitting Plaintiffs to Proceed Under Pseudonyms***

Federal courts across the United States have permitted parties to proceed anonymously when special circumstances arise. Generally, in determining whether to permit a party to proceed anonymously, a court "must balance the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party." *Plaintiffs I Thru XXIII v. Advanced Textile Corp.,* 214 F. 3d 1058, 1068 (9th Cir. 2000). As neither the U.S.

Supreme Court nor the First Circuit has definitively articulated the circumstances under which a plaintiff may use a pseudonym, the Court must turn to the guidance established by neighboring district and circuit courts. The District Court of New Hampshire in *Doe v. Trustees of Dartmouth College* (No. 18-CV-040-LM, 2018 WL 2048385, at *4 (D.N.H. May 2, 2018)) analyzed whether a plaintiff should be permitted to proceed under a pseudonym in his action challenging a disciplinary finding of Dartmouth College related to a charge of sexual misconduct. Commenting that the Third Circuit's test is consistent with the general objective of the First Circuit's structure for sealing judicial records, the District Court of New Hampshire utilized the nine-factor balancing test articulated in *Doe v. Megless* (654 F.3d 404 (3d Cir. 2011)) to determine whether the plaintiff could proceed under a pseudonym. *Doe v. Trustees of Dartmouth Coll.,* No. 18-CV-040-LM, 2018 WL 2048385, at *4 (D.N.H. May 2, 2018).

Acknowledging that the court must balance the need for confidentiality against the public interest in disclosure (*Doe v. Bell Atl. Bus. Sys. Servs., Inc.,* 162 F.R.D. 418, 420 (D. Mass. 1995)), the Third Circuit articulated the subsequent relevant factors for consideration: (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives; (7) the universal level of public interest in access to the identities of litigants; (8) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise,

there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (9) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated. *Doe v. Megless*, 654 F.3d 404, 409 (3d Cir. 2011).[1]

### C. Similarly Situated Plaintiffs Are Routinely Permitted to Proceed as a Pseudonym in Courts Across the United States, Including This Court

Since 2011, courts throughout the United States, including this Court, have routinely granted pseudonym treatment in cases involving alleged sexual misconduct by male students, with pseudonym treatment accorded to both the male university respondent and the female university complainant, recognizing that "exceptional circumstances" exist in cases involving alleged sexual misconduct occurring amongst college aged students.

This Court in particular has permitted similarly situated plaintiffs—namely, male students challenging the findings of their private universities related to allegations of sexual misconduct— to proceed under a pseudonym. *See, e.g., Doe v. Trs. of Boston Coll,* No. 1:15-cv-10790, ECF No. 17 (D. Mass. June 23, 2015) (permitting a male student plaintiff pursing claims against the college defendant, inclusive of breach of contract, to proceed under a pseudonym in a case stemming from a finding against him as a result of the private college's student disciplinary process); *Doe v. Brandeis Univ.,* No. 1:15-cv-11557, ECF No. 28 (D. Mass. June 17, 2015) (authorizing a male student plaintiff pursing a breach of contract claim against the private university arising from an erroneous finding as a result of the university defendant's sexual misconduct disciplinary process to proceed under a pseudonym; "[t]he current record suggests that plaintiff could be subject to 'social stigmatization or embarrassment if his name is revealed'"); *Doe v. Amherst Coll.,* ECF No. 1:15-cv-30097, ECF No. 16 (D. Mass. June 30, 2015) (permitting a male plaintiff expelled from a private college as a result of a finding of responsibility due to alleged sexual misconduct to proceed

---

[1] *See* ECF No. 5 for Plaintiff's full analysis on the factors set forth above.

under a pseudonym; plaintiff brought forth a claim for breach of contract against the college); *Doe v. Harvard Univ. et. al.,* No. 1:18-cv-12150-IT, ECF No. 8 (D. Mass. Nov. 7, 2018) (allowing a male student plaintiff found responsible through the school's disciplinary process for allegations concerning sexual misconduct to proceed under a pseudonym); *Doe v. Trs. of Boston Coll.,* No. 1:19-cv-11626, ECF No. 34 (D. Mass. Aug. 20, 2019) (permitting a male plaintiff accused and found responsible for sexual assault at the college disciplinary level to proceed under a pseudonym in a case inclusive of a claim for breach of contract); *Doe v. Williams Coll.*, No. 3:20-cv-30024, ECF No. 7 (D. Mass. Feb. 21, 2020); and *Doe v. Stonehill Coll. Inc.,* No. 1:20-cv-10468, ECF No. 6 (D. Mass. Mar. 10, 2020).

Additionally, appellate courts across the United States have issued decisions in numerous cases that stemmed from allegations of sexual misconduct, where plaintiffs were likewise permitted to use pseudonyms. *See*, *e.g.*, *Doe v. Columbia*, 831 F.3d 46 (2d Cir. 2016); *Doe v. Miami*, 882 F.3d 579 (6th Cir. 2018); *Doe v. Oberlin*, 963 F.3d 580 (6th Cir. 2020); *Doe v. University of Sciences*, 961 F.3d 203 (3d Cir. 2020); *Doe v. Purdue Univ.*, 928 F.3d 652 (7th Cir. 2019); *Doe v. University of Denver*, 1 F.4th 822 (10th Cir. 2021); *Doe v. Univ. of Arkansas-Fayetteville*, 974 F.3d 858 (8th Cir. 2020).

Furthermore, U.S. District Courts have issued decisions in numerous cases where the relevant court permitted plaintiffs to proceed anonymously in cases that derived from a finding of a violation of the school's sexual misconduct policy. *See, e.g., Doe v. Stonehill Coll. Inc.*, 2021 WL 706228 (Feb. 23, 2021); *Doe v. Rollins Coll.*, 2020 WL 8409325 (M.D. Fla. July 13, 2020); *Doe v. Harvard Univ.*, 462 F.Supp.3d 51 (D. Mass. 2020); *Doe v. Vassar College,* 2019 WL 6222918 (Dec. 21, 2019); *Doe v. Trs. of Boston Coll.,* No. 1:19-cv-11626, ECF No. 34 (D. Mass. Aug. 20, 2019); *Doe v. Univ. of Cincinnati*, 2018 WL 1521631 (S.D. Ohio Mar. 28, 2018); *Doe v.

*Purdue Univ.*, 321 F.R.D. 339 (N.D. Ind. 2017); *Doe v. Amherst College*, 238 F.Supp.3d 185 (D. Mass. 2017); *Doe v. Grinnell Col;.*, 2017 WL 11646145 (S.D. Iowa July 10, 2017); *Doe v. Trustees Univ. Pennsylvania*, 270 F. Supp.3d 799 (E.D. Pa. 2017); *Doe v. Brown Univ.*, 166 F.Supp.3d 177 (D.R.I. 2016); *Doe v. Brandeis Univ.*, 177 F.Supp.3d 561 (D. Mass. 2016); *Doe v. Lynn Univ., Inc.*, 224 F.Supp.3d 1288 (S.D. Fla. 2016); *Doe v. Washington and Lee Univ.*, 473 F.Supp.3d 909 (W.D. Va. 2015).

The pseudonym decision in *Doe v. Purdue Univ.* (321 F.R.D. 339 (N.D. Ind. 2017)), is instructive; the university defendants opposed the motion for pseudonym status for the students, but the U.S. District Court granted it. The legal theory of *Doe v. Purdue Univ.* resembles that of *Doe v. Amherst Coll.* (238 F.Supp.3d 195 (D. Mass. 2017)), where the Court permitted the plaintiff to proceed under a pseudonym. *Doe v. Amherst Coll., et. al.* 3:15-cv-30097, ECF No. 16 (D. Mass June 16, 2015) (granting plaintiff's motion to proceed under a pseudonym). One factor cited and discussed by the District Court in *Doe v. Purdue Univ.* (321 F.R.D. at 342), a factor very present in this case, was "information of the utmost intimacy." The Court stated:

> [T]his litigation requires the disclosure of **"information of the utmost intimacy,"** as demonstrated by the details set out in the Complaint, **including information regarding Plaintiff's and Jane Doe's sexual relationship, Jane Doe's allegations of sexual misconduct, and the details of the University's findings.** Other courts have permitted plaintiffs alleging similar claims against colleges and universities to proceed anonymously. *See, e.g.*, *John Doe v. Columbia Univ.*, 831 F.3d 46 (2d Cir. 2016) (ruling on a motion to dismiss under Rule 12(b)(6) and acknowledging, but not analyzing, that the plaintiff is proceeding by pseudonym); *Doe v. Brown Univ.*, 210 F.Supp.3d 310 (D.R.I. 2016) (acknowledging the prior grant of a motion to proceed pseudonymously); *Doe v. Colgate Univ.*, No. 5:15-CV-1069, 2016 WL 1448829 (N.D.N.Y. Apr. 12, 2016) (granting plaintiff's motion to proceed under pseudonym after balancing the factors set out in *Sealed Plaintiff*, 537 F.3d at 188–89); *Doe v. Washington & Lee Univ.*, No. 14CV52, 2015 WL 4647996 (W.D. Va. Aug. 5, 2015) (ruling on a motion to dismiss under Rule 12(b)(6) and acknowledging, but not analyzing, that the plaintiff is proceeding by pseudonym); *Doe v. Univ. of Massachusetts–Amherst*, No. 14-30143, 2015 WL 4306521, at *5 (D. Mass. July 14, 2015) (same); *Doe v. Salisbury Univ.*, JKB–1403853, 2015 WL 3478134 (D. Md. June 2, 2015) (same); *Doe v. Univ. of S.

7

> *Florida Bd. of Trs.*, No. 8:15-CV-682, 2015 WL 3453753 (M.D. Fla. May 29, 2015) (same); *Doe v. Univ. of Montana*, No. CV 12-77, 2012 WL 2416481 (D. Mont. June 26, 2012) (unsealing the case but maintaining plaintiff and accuser's anonymity through the use of pseudonyms, finding "that the interests of those individuals in avoiding undue embarrassment, harassment, and disclosure of sensitive private information outweigh the public's need to know their names"); *Doe v. Univ. of the South*, 687 F.Supp.2d 744, 764 (E.D. Tenn. 2009) (overruling, without substantive analysis, the defendant's objection to the Magistrate Judge's granting of the Plaintiff's motion to proceed under pseudonyms).
>
> Defendants counter that "Plaintiff's prolix complaint freely discloses much intimate information, including ... history of intercourse ... [and] anatomic and other details of sexual and social contacts." (ECF 16, p. 3). It is unclear how this lessens the importance of this factor. If anything, **the details in the Complaint, which Plaintiff argues are necessary for him to state a claim, strengthen the argument that highly sensitive and personal details of an intimate nature will be at issue in this case.** This second factor weighs in favor of allowing Plaintiff to proceed under a pseudonym.

*Doe v. Purdue Univ.,* 321 F.R.D. at 342 (emphasis added).

Another factor cited and discussed by the District Court in *Doe v. Purdue Univ.* (321 F.R.D. at 343), a factor also very present in this case, was the injury from identification. The Court stated:

> [T]he Court considers whether Plaintiff would risk suffering injury if identified, which is related to the factor considered by the Second Circuit Court of Appeals of whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity. This factor also weighs in Plaintiff's favor. **If Plaintiff's identity is revealed, Plaintiff would suffer the very harm to his reputation that he seeks to remedy by bringing this lawsuit**; in other words, if Plaintiff is successful in proving that the charges of sexual misconduct against him were unfounded and that Defendants' procedures violated his due process rights, the revelation of Plaintiff's identity "would further exacerbate the emotional and reputational injuries he alleges." *Colgate Univ.*, 2016 WL 1448829, at *3. As the court in *Colgate University* reasoned:
>
> > The rise of sexual assaults on college campuses is a troubling epidemic, however, in addressing this epidemic, courts have a duty to ensure that "[e]ach case must be decided on its own merits, according to its own facts. If a college student is to be marked for life as a sexual predator, it is reasonable to require that he be provided a *343 fair opportunity to defend himself and an impartial arbiter to make that decision." The Court finds that forcing Plaintiff to reveal his identity would not advance any aspect of the litigation but instead poses a risk that Plaintiff would be subject to unnecessary ridicule

8

>and attention. The Court is also mindful of the potential chilling effect that forcing Plaintiff to reveal his identity would have on future plaintiffs facing similar situations. *Id.* (citing *Doe v. Brandeis Univ.*, 177 F.Supp.3d 561, 573 (D. Mass. 2016)). The nature of the internet in present society also makes case-related information associated with an individual's name accessible.

*Doe v. Purdue Univ.*, 321 F.R.D. at 343 (emphasis added).

### D. The Instant Case is Similar to Those Where the Court Has Permitted Pseudonym Use

As the facts set forth above demonstrate, and as Plaintiff's complaint (ECF No. 1), Davis Declaration, Exhibit B, highlights, the Plaintiff in the instant matter is similarly situated to the plaintiffs noted above where courts have permitted plaintiffs to proceed pseudonymously. Plaintiff John Doe here brings forth claims for breach of contract, promissory estoppel, and breach of contract/common law denial of basic fairness/arbitrary and capricious decision-making against a private institution of higher education stemming from an unfair process that did not comport with MIT's Student Code's commitment to non-discrimination based on sex. MIT expelled Plaintiff John Doe within a month of graduation for alleged sexual misconduct that purportedly occurred over a year earlier which he did not commit.

Similar to *Doe v. Purdue Univ.,* where the court emphasized that "highly sensitive and personal details of an intimate nature will be at issue in this case[,]" Plaintiff's claims for relief by their very nature contain details of a highly sensitive and intimate nature—namely the sexual relationship between John Doe and Jane Roe. *Doe v. Purdue Univ.,* 321 F.R.D. at 343. Plaintiff does not simply highlight that the disclosure of his name would result in public humiliation or embarrassment. Instead, Plaintiff highlights the extremely sensitive nature and privacy issues that could be associated with being falsely linked to an allegation of sexual misconduct. As the District Court in *Doe v. Trustees of Dartmouth College* highlighted, "one's sexual practices are among the

9

most intimate parts of one's life and the public disclosures of such information may subject one to embarrassment or ridicule." *Doe v. Trustees of Dartmouth Coll.,* at *5-6 (*citing to Doe v. Blue Cross & Blue Shield of R.I.,* 794 F. Supp. 72, 74 (D.R.I. 1992) (internal citations omitted)).

Furthermore, like the cases where the courts have permitted plaintiffs to proceed under pseudonyms, public disclosure of Plaintiff's identity would cause the exact type of harm that Plaintiff seeks to prevent by bringing this action. In *Doe v. Trustees of Dartmouth College,* the court recognized that the most significant factor in its analysis was plaintiff's concern that public disclosure would forever subject him to reputational damage and impair his future educational and career prospects, regardless of the outcome of the litigation. *Doe v. Trustees of Dartmouth Coll.,* No. 18-CV-040-LM, 2018 WL 2048385, at *5–6 (D.N.H. May 2, 2018). The Court agreed that this concern was "exacerbated in the Internet age, which can provide additional channels for harassment and will connect plaintiff's name to Dartmouth's findings and sanction forever, whether or not he is successful in this litigation." *Id.* Through the Internet's vast capabilities today via simple online search, any plaintiff is quickly identifiable, and their information is readily accessible. *See Doe v. Purdue Univ.,* 321 F.R.D. at 343. Devoid of a mechanism to control the content disseminated by a media outlet covering a given case, courts must be willing to allow additional protective measures to avoid further damage to a plaintiff involved in a matter concerning such egregious and unfounded accusations as the present one. Significantly, as is the case in the instant matter, "public identification could defeat the very purpose of the litigation." *Doe v. Trustees of Dartmouth Coll.* at *5–6.

### III. Conclusion

For the reasons stated above, the Court should reconsider your Honor's denial of Plaintiff's Motion to Proceed Under Pseudonym, and upon reconsideration, grant the motion, permitting

pseudonym treatment for both "John Doe" (the university respondent and Plaintiff here) and "Jane Roe" (the university complainant) and for a protective order against disclosure by any party of the real names of "John Doe" and "Jane Roe." Additionally, if the Court wishes to adhere to the Court's original ruling, Plaintiff requests the Order with respect to dismissal be stayed so that Plaintiff may seek appellate review of what is a collateral order. *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949).

**Dated: Boston, Massachusetts
         January 10, 2022**

                        **Respectfully submitted,**

                        **NESENOFF & MILTENBERG, LLP**
                        *Attorneys for Plaintiff John Doe*

                        **By: /s/ *Philip A. Byler***
                        **Philip A. Byler, Esq. (*pro hac vice* forthcoming)**
                        **Andrew T. Miltenberg, Esq. (*pro hac vice* forthcoming)**
                        **363 Seventh Avenue, Fifth Floor**
                        **New York, New York 10001**
                        **(212) 736-4500**
                        **pbyler@nmllplaw.com**
                        **amiltenberg@nmllplaw.com**

                        **By: /s/ *Tara J. Davis***
                        **Tara Davis, Esq. (BBO # 675346)**
                        **Regina M. Federico, Esq. (BBO #700099)**
                        **101 Federal Street, Nineteenth Floor**
                        **Boston, Massachusetts 02110**
                        **(617) 209-2127**
                        **tdavis@nmllplaw.com**
                        **rfederico@nmllplaw.com**

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1**

Plaintiff, through his undersigned counsel, conferred in good faith with Jared Wilcoxson, Counsel in the Office of General Counsel of Defendant MIT, concerning Plaintiff's request for reconsideration in this case. However, the Parties did not come to an agreement concerning the instant motion.

*/s/ Tara J. Davis*
Tara J. Davis

## **CERTIFICATE OF SERVICE**

      The document was served electronically upon all counsel of record filing through the ECF system on January 10, 2022.

                                                  */s/ Tara J. Davis*
                                                  Tara J. Davis