UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOHN DOE, | : | |
| | : | |
| Plaintiff, | : | Civil Action No: 1:21-cv-12060-RGS |
| | : | |
| -against- | : | |
| | : | |
| MASSACHUSETTS INSTITUTE OF TECHNOLOGY, | : | |
| | : | |
| Defendant. | : | |

**DECLARATION OF TARA J. DAVIS, ESQ. IN SUPPORT
OF PLAINTIFF'S MOTION, BROUGHT ON BY ORDER
TO SHOW CAUSE, FOR RECONSIDERATION OF
PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM**

**TARA J. DAVIS, ESQ.**, hereby declares subject to the penalties of perjury pursuant to 28 U.S.C. § 1746:

1. I am a Partner at Nesenoff & Miltenberg LLP, the attorneys for Plaintiff John Doe ("Plaintiff") in the above-captioned case. I am admitted to practice in several courts across the United States, including the courts of the Commonwealth of Massachusetts and District of Massachusetts.

2. I respectfully submit this declaration in support of Plaintiff's Motion to Reconsider your Honor's denial of Plaintiff's Motion to Proceed Under Pseudonym, brought on by Order To Show Cause, and upon reconsideration, request that your Honor grant the motion for pseudonym treatment for both "John Doe" (the university respondent and Plaintiff here) and "Jane Roe" (the university complainant) and for a protective order against disclosure by any party of the real names of "John Doe" and "Jane Roe."

3. As explained in the accompanying Memorandum of Law, the Court's decision shows a manifest error of law not in accord with the applicable case law since 2011. The Court, in

denying Plaintiff's Motion to Proceed Under Pseudonym, relied upon general statements of law in case law, the most recent of which was rendered in 2011. Attached as <u>Exhibit A</u> is a copy of your Honor's Order.

4. Since 2011, courts have routinely granted pseudonym treatment in cases involving alleged sexual misconduct by male students, with pseudonym treatment accorded to both the male university respondent and the female university complainant, recognizing that "exceptional circumstances" exist in cases involving alleged sexual misconduct occurring amongst college aged students.

5. Appellate courts across the United States have issued decisions in numerous cases stemming from alleged sexual misconduct involving plaintiffs that were permitted to use pseudonyms. *See*, *e.g.*, *Doe v. Columbia*, 831 F.3d 46 (2d Cir. 2016); *Doe v. Miami*, 882 F.3d 579 (6th Cir. 2018); *Doe v. Oberlin*, 963 F.3d 580 (6th Cir. 2020); *Doe v. University of Sciences*, 961 F.3d 203 (3d Cir. 2020); *Doe v. Purdue*, 928 F.3d 652 (7th Cir. 2019); *Doe v. University of Denver*, 1 F.4th 822 (10th Cir. 2021); *Doe v. Univ. of Arkansas-Fayetteville*, 974 F.3d 858 (8th Cir. 2020).

6. Similarly, U.S. District Courts have issued decisions in numerous cases where the relevant court permitted plaintiffs to proceed anonymously in cases that derived from a finding of a violation of the school's sexual misconduct policy. *See, e.g., Doe v. Stonehill Coll. Inc.*, 2021 WL 706228 (Feb. 23, 2021); *Doe v. Rollins Coll.*, 2020 WL 8409325 (M.D. Fla. July 13, 2020); *Doe v. Harvard Univ.*, 462 F.Supp.3d 51 (D. Mass. 2020); *Doe v. Vassar College,* 2019 WL 6222918 (Dec. 21, 2019); *Doe v. Trs. of Boston Coll.,* No. 1:19-cv-11626, ECF No. 34 (D. Mass. Aug. 20, 2019); *Doe v. Univ. of Cincinnati*, 2018 WL 1521631 (S.D. Ohio Mar. 28, 2018); *Doe v. Purdue Univ.*, 321 F.R.D. 339 (N.D. Ind. 2017); *Doe v. Amherst College*, 238 F.Supp.3d 185 (D. Mass. 2017); *Doe v. Grinnell Col;.,* 2017 WL 11646145 (S.D. Iowa July 10, 2017); *Doe v. Trustees*

*Univ. Pennsylvania*, 270 F. Supp.3d 799 (E.D. Pa. 2017); *Doe v. Brown Univ.*, 166 F.Supp.3d 177 (D.R.I. 2016); *Doe v. Brandeis Univ.*, 177 F.Supp.3d 561 (D. Mass. 2016); *Doe v. Lynn Univ., Inc.*, 224 F.Supp.3d 1288 (S.D. Fla. 2016); *Doe v. Washington and Lee Univ.*, 473 F.Supp.3d 909 (W.D. Va. 2015).

7. Attached as Exhibit B is the Complaint (ECF No. 1) where Plaintiff Doe brings forth claims for breach of contract, promissory estoppel and breach of contract/common law denial of basic fairness/arbitrary and capricious decision-making. MIT expelled Doe within a month of graduation for alleged sexual misconduct that purportedly occurred over a year earlier and that he did not commit; the expulsion was issued after an unfair process not in compliance with the MIT Student Code's commitment to non-discrimination based on sex.

8. Plaintiff's claims set forth here are akin to the similarly situated plaintiffs noted above where courts have permitted proceeding pseudonymously.

9. In January 2016, John Doe was a third-year student at MIT on a three-year program. On January 26, 2016, John Doe's former girlfriend "Jane Roe" (a pseudonym) filed a complaint with MIT alleging nonconsensual sexual contact and nonconsensual sexual intercourse by John Doe based on one night involving sexual intercourse on February 27, 2015, almost a year earlier than when the complaint was filed by Jane Roe with MIT's Title IX Office. During the course of the investigation, MIT's investigators on its own initiative asserted a second charge against Doe, for sexual harassment, arising from the period of time when Doe was Roe's boyfriend in the 2013-2014 school year, two years prior to Roe's filing of the complaint with MIT's Title IX Office.

10. Upon the filing of Jane Roe's disciplinary complaint, MIT's Title IX office launched an investigation, interviewing John Doe, Jane Roe and other students and reviewing various documents. Radical feminist anti-male bias on the MIT campus guided the investigation

report's conclusions, which included that John Doe was responsible for (i) nonconsensual sexual contact and nonconsensual sexual intercourse based on the sex that occurred on February 27, 2015 and (ii) sexual harassment based on the period of time when John Doe was Jane Roe's boyfriend in the 2013-2014 school year. MIT presumed the female complainant's story to be true (which it wasn't), and presumed John Doe not to be truthful (which wasn't the case) in order to avoid being found responsible. Importantly, MIT failed to provide John Doe an opportunity to submit a written rebuttal to the investigation report.

11. On April 25, 2016, MIT held a hearing before a panel of three professors. At the hearing, John Doe denied responsibility. Only two days later, on April 27, 2016, the Chair of the MIT Committee on Discipline sent John Doe a letter informing him that MIT found him responsible for nonconsensual sexual contact and nonconsensual sexual intercourse on February 27, 2015 and for sexual harassment during the time of the 2013-2014 school year and notified him that the sanction was expulsion -- in effect, rubber stamping the investigation report.

12. Even though John Doe filed an appeal, arguing that the evidence did not support MIT's findings or the severe sanction of expulsion, MIT denied the appeal on May 13, 2016, permanently expelling John Doe, just weeks shy of his graduation. John Doe, having experienced the losses resulting from having a disciplinary record he did not deserve and not having his diploma that he all but earned, brings this action to rectify the real damage to his life.

13. In light of the personal and explicit nature of the facts of this matter, as set forth in greater detail in Plaintiff's Complaint and accompanying Memorandum of Law in Support of Plaintiff's Motion for Reconsideration, Plaintiff should be permitted to protect his identity and his accuser's identity by filing the Complaint under pseudonym and issuing a protective order against

[5]

any party disclosing the real names of "John Doe" (the university respondent and Plaintiff here) and "Jane Roe" (the university complainant).

**WHEREFORE**, the Court should reconsider your Honor's denial of Plaintiff's Motion to Proceed Under Pseudonym, and upon reconsideration, grant the motion for pseudonym treatment for both "John Doe" (the university respondent and Plaintiff here) and "Jane Roe" (the university complainant) and for a protective order against disclosure by any party of the real names of "John Doe" and "Jane Roe." Additionally, if the Court wishes to adhere to the Court's original ruling, Plaintiff requests that the Order with respect to pseudonym treatment be stayed so that Plaintiff may seek appellate review of what is a collateral order. *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949).

I declare under the penalty of perjury that the foregoing is true and correct, pursuant to Title 28, United States Code, Section 1746.

**Dated: Boston, Massachusetts**
          **January 10, 2022**

                                                                                  */s/ Tara J. Davis*
                                                                                  **Tara J. Davis, Esq.**