UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 21-12060-RGS

JOHN DOE

v.

MASSACHUSETTS INSTITUTE OF TECHNOLOGY

MEMORANDUM AND ORDER
ON PLAINTIFF'S MOTION TO PROCEED UNDER A PSEUDONYM

October 31, 2022

STEARNS, D.J.

Considering the First Circuit's newly adopted four-part test, and the lack of any opposition, the court will provisionally allow John Doe to prosecute his lawsuit under a pseudonym.

## BACKGROUND

On May 13, 2016, Doe was expelled from the Massachusetts Institute of Technology (MIT) following a Title IX proceeding involving accusations made against him by his ex-girlfriend, Jane Doe, of nonconsensual contact and forced sexual intercourse, and sexual harassment. On December 16, 2021, Doe sued MIT in this court for breach of contract, promissory estoppel, and denial of basic due process. According to Doe's Complaint, MIT's Title

IX investigation had been compromised by a "[r]adical feminist anti-male bias on the MIT campus [that] guided the investigation report's conclusions . . . . MIT presumed the female complainant's story to be true (which it wasn't), and presumed John Doe not to be truthful (which wasn't the case) in order to avoid being found responsible." Compl. (Dkt # 1) ¶ 3.

Doe moved to proceed under a pseudonym on the same day. This court denied his motion, finding that his generalized expression of fear of future harm if self-identified as an alleged perpetrator of sexual assault, was too speculative to outweigh the court's historical concern for transparency and constitutional presumption favoring public access to judicial records. Order (Dkt # 6). On January 10, 2022, Doe moved for reconsideration. This court once again denied his motion.

On January 19, 2022, Doe appealed the court's order. The First Circuit responded with an innovative four-part test to be used to determine those situations in which a party in a federal civil case might permissibly proceed under a pseudonym. *Doe v. Mass. Inst. of Tech.*, 46 F.4th 61, 70-71 (1st Cir. 2022) (*Doe v. MIT*). The First Circuit vacated this court's order and remanded Doe's case for consideration under the new test. Doe subsequently provided briefing on why his request for anonymity meets the new test. MIT did not file a response.

2

## DISCUSSION

The First Circuit identified four categories of "exceptional cases in which party anonymity ordinarily will be warranted." *Id.* at 70. The identified general exceptions are: (1) where "a would-be Doe who reasonably fears that coming out of the shadows will cause him unusually severe harm (either physical or psychological)"; (2) where "identifying the would-be Doe would harm 'innocent non-parties'"; (3) where "anonymity is necessary to forestall a chilling effect on future litigants who may be similarly situated"; and (4) where the suit is "bound up with a prior proceeding made confidential by law." *Id.* at 70-71.

Doe argues that all four prongs apply to his case. *See* Pl.'s Mem. of Law (Dkt # 22) at 7-12. The court does not agree, except for the second prong of the First Circuit's test.[1]

---

[1] While the First Circuit directed the district court to "consider any additional arguments by the parties as to whether the confidentiality requirements of FERPA and Title IX have weight *with respect to John's particular situation*" under the fourth prong, Doe has not addressed that issue with any particularity. *Doe v. MIT*, 46 F.4th at 77 (emphasis added).

The court also notes that the third-prong exception threatens to swallow the rule contrary to the First Circuit's principle that "[l]itigation by pseudonym should occur only in 'exceptional cases.'" *Id.* at 70. As the First Circuit recognized, the nature of adversarial litigation "frequently invade[s] customary notions of privacy and – in the bargain – threatens parties' reputations." *Id.* Because parties seek anonymity precisely to avoid such harm, the third paradigm as written could apply to virtually any case in which parties wish to use a pseudonym. The harm Doe identifies here —

Doe argues that his identification would harm an innocent non-party by eventually (or potentially) revealing the identity of Roe. Courts have found that nonparties have a "stronger case for anonymity" than a party who brings an action. *Doe v. MIT*, 46 F.4th at 71, citing *Doe v. Trs. of Dartmouth Coll.*, 2018 WL 2048385, at *6 (D.N.H. May 2, 2018). While litigants "must be prepared to accept the public scrutiny that is an inherent part of public trials" by electing to use the courts, non-parties have not made such a choice. *Trs. of Dartmouth Coll.*, 2018 WL 2048385, at *6.

## ORDER

For the foregoing reasons, Doe's Motion to Proceed Under Pseudonym will be provisionally granted. Doe will file under seal within ten (10) days of the date of this Order a disclosure of the identity of any other party or entity (other than his family and Jane Roe) who may have a direct interest in the outcome of the litigation. Doe is warned that absent a conclusive showing of ultimate harm it is unlikely that the court will allow the case to proceed to

---

"reputational damages and consequences that flow therein as a result of the false allegations," Pl.'s Mem. of Law at 11 — would also apply in a host of other areas, such as defamation, medical torts, and employment discrimination, where the record may reveal unflattering, embarrassing, or intimate facets of a party's past. *Cf. Doe v. MIT*, 46 F.4th at 70; *see also id.* at 69-70 (cautioning against a litigation world in which "Does and Roes would predominate," and warning that "[a] judicial system replete with Does and Roes invites cynicism and undermines public confidence in the courts' work.").

4

trial before a jury without prospective jurors being informed of Doe's actual identity.

                              SO ORDERED.

                              /s/ Richard G. Stearns
                              UNITED STATES DISTRICT JUDGE